UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ERIK S. BOWKER, | ) | CASE NO. 1:05 CV 2921 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| DEANE R. HASSMAN, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

This action was removed from the Geauga County Ohio Court of Common Pleas on December 19, 2005. The plaintiff pro se Erik S. Bowker filed this action against Federal Bureau of Investigation ("FBI") Agent Dean Hassman and the United States of America. In the complaint, plaintiff alleges that he was denied medication subsequent to his arrest. He seeks monetary damages.

*Background*

Mr. Bowker was arrested on August 29, 2001 by FBI Special Agent Deane Hassman. He claims he later was questioned by Agent Hassman and Agent Rachel Kolvek. He states he told the agents he had epilepsy and wanted to take phenobarbital tablets for which he had a prescription. Mr. Bowker contends the agents would not give him the medication and refused to call medical

professionals for assistance. He asserts that as a result of their "wrongful, negligent, intentional, malicious and reckless actions, ...[he] "suffered seizures, delirium, pain, suffering, trauma, and illness and injury." (Compl. at 2.) He requests an award of $ 500,000.00 in compensatory damages, and "the costs of investigating, filing, and pursuing this instant civil action, interest, loss of wages, costs, and any and all other relief and damages which this court may deem appropriate." (Compl. at 3.)

## *Analysis*

A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; Siller v. Dean, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000); see Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); In re Bendectin Litig., 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims). For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

At approximately the same time Mr. Bowker filed this action in the Geauga County Court of Common Pleas, he also filed an identical pleading in the Medina County Court of Common Pleas. The Medina County case was removed to this federal court on October 21, 2005, assigned Case No. 1:05 CV 2488, and placed on the docket of United States District Judge Ann Aldrich. On December 15, 2005, Judge Aldrich dismissed Mr. Bowker's Bivens[1] claims with prejudice pursuant

---

[1] Bivens v. Six Unknown Agents, 403 U.S. 383 (1971).

2

to 28 U.S.C. § 1915A. His tort claims were dismissed without prejudice.

Because Mr. Bowker's <u>Bivens</u> claims were previously dismissed with prejudice by Judge Aldrich, they cannot be litigated for a second time in this action. The doctrine of <u>res judicata</u> dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. <u>Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.</u>, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the court and every issue or defense that should have been raised in the previous action. <u>Id.</u> The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. <u>Westwood Chemical Co. v. Kulick</u>, 656 F.2d 1224 (6th Cir. 1981). A subsequent action will be subject to a <u>res judicata</u> bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. Both of these requirements are met in this case.

Mr. Bowker's tort claims were dismissed without prejudice and are therefore not barred by the doctrine of <u>res judicata</u>. They are, however, subject to dismissal on different grounds. The Federal Tort Claims Act, 28 U.S.C. § 1346, provides the exclusive jurisdictional basis for tort claims against the United States and its employees. <u>Good v. Ohio Edison Co.</u>, 149 F.3d 413, 418 (6th Cir. 1998)(stating that a Federal Tort Claims action naming only the agency as a defendant must be dismissed for lack of jurisdiction because the only proper defendant is the United States); <u>Allgeier v. United States</u>, 909 F.2d 869, 871 (6th Cir. 1990)(concluding the United States is the only proper defendant in a suit alleging negligence by a federal employee). However, before a party may bring such an action, the claim must first be submitted, in writing, to the proper federal agency. 28

3

U.S.C. § 2675(a). The statute of limitations for these actions requires that the claim be "presented in writing to the appropriate Federal agency within two years after such claim accrues or...within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). Mr. Bowker does not allege that he properly exhausted his administrative remedies under the Federal Tort Claims Act prior to filing this action. The incident of which Mr. Bowker complains occurred in August 2001. His complaint was filed in October 2005, well beyond the two year statute of limitations for filing a claim under the Federal Torts Claim Act.[2] Consequently, this court lacks subject matter jurisdiction to review these claims. See McNeil v. United States, 508 U.S. 106, 113 (1993) (holding that exhaustion is a prerequisite to filing suit under the FTCA); Lundstrum v. Lyng, 954 F.2d 1142, 1145 (6th Cir.1991) (same).

*Vexatious Litigation*

Finally, the court takes judicial notice that Mr. Bowker has filed multiple complaints against FBI Agent Deanne Hassman and the United States concerning the circumstances of his arrest and prosecution on charges of interstate stalking and cyberstalking, for which he is currently serving a 96 month term of incarceration at the United States Penitentiary in Lewisburg, Pennsylvania. The first case, No. 4:04 CV 2522, was originally filed in the United States District Court for the Southern District of West Virginia. In the complaint, Mr. Bowker challenged his

---

[2] Moreover, the United States has provided the court with a copy of a tort claim Mr. Bowker submitted to the FBI in August 2003. He received a denial of that claim in March 2004 and then requested reconsideration of the claim in July 2004. Mr. Bowker then had six months from the date of that request to file his claim under the Federal Torts Claim Act. 28 C.F.R. § 14.9(b). His action was filed October 5, 2005, one year and three months after filing his request. At that point, the statute of limitations period had expired and this court lost subject mater jurisdiction over his claim.

4

interrogation by FBI agents in Mahoning County, Ohio regarding his harassment of a television news reporter. The Southern District of West Virginia transferred the action to this court because the only connection that West Virginia appeared to have to the case was that the stalking victim, who was also named as a defendant in the action, had relocated there. The case was assigned to United States District Judge Peter C. Economus and is still pending, although the victim and a Common Pleas court Judge have been dismissed from the action. Mr. Bowker filed an identical pleading in the United States District Court for the Middle District of Pennsylvania, where he is currently incarcerated. That action was assigned Case No. 1:04 CV 2400 (MD Penn. filed Nov. 2, 2004), and was dismissed on Nov. 7, 2005.

      Mr. Bowker then filed identical complaints in both Medina County, Ohio and Geauga County, Ohio alleging that Agent Hassman and other FBI agents illegally searched his home, vehicle, and storage locker in Mahoning County, Ohio. Both of those actions were removed to federal court. The pleading that was filed in Medina County was given Case No. 1:05 CV 2840. The pleading that was filed in Geauga County was given Case No. 1:05 CV 2487. Both actions were assigned to United States District Judge Christopher A. Boyko and were dismissed as being so legally devoid of merit that the court was deprived of subject matter jurisdiction pursuant to Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999). See Bowker v. Hassman, Case No. 1:05 CV 2487 (ND Ohio Dec. 15, 2005); Bowker v. Hassman, Case No. 1:05 CV 2840 (ND Ohio Dec. 20, 2005).

      Mr. Bowker also filed duplicate pleadings of the within action in both Medina County and Geauga County to complain that he was denied medical care after being arrested in Youngstown, Ohio and taken to the FBI office in Mahoning County. Both actions were removed

5

to this court. The Medina County case was assigned Case No. 1:05 CV 2488. and was dismissed by United States District Judge Ann Aldrich on December 15, 2005. The Geauga County case is dismissed herein.

It is evident from Mr. Bowker's pattern of filing duplicate complaints that they are calculated to harass the defendants and abuse the judicial process. The fact that he filed identical pleadings in multiple venues which have no apparent connection to the defendants or to the actions alleged in the complaint suggests only that Mr. Bowker intended to force Agent Hassman and the United States to litigate patently frivolous claims in more than one court.

Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III functions. Procup v. Strickland, 792 F.2d 1069, 1073 (11th Cir. 1986). Moreover, this court has the responsibility to prevent litigants from unnecessarily encroaching on judicial machinery needed by others. Id. To achieve these ends, the United States Court of Appeals for the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings. Filipas v. Lemons, 835 F.2d 1145 (6th Cir. 1987); Wrenn v. Vanderbilt Univ. Hosp., Nos. 94-5453, 94-5593, 1995 WL 111480 (6th Cir. Mar. 15, 1995)(authorizing a court to enjoin harassing litigation under its inherent authority and the All Writs Act, 28 U.S.C. § 1651(a)(citations omitted)). Moreover, Congress has given federal courts the authority to revoke the earned release credits of any federal inmate who files a civil action for a malicious purpose, or solely to harass the party against which it was filed. 28 U.S.C. § 1932 (second). Mr. Bowker's history of court filings certainly indicates that he is pursuing that course of action. He therefore is cautioned that if he files any further such lawsuits against Agent Hassman or the United States, he

6

may be enjoined from filing future lawsuits without prior leave of court, and may have his earned release credits revoked.

## *Conclusion*

Accordingly, this action is dismissed as pursuant to 28 U.S.C. § 1915A. Further, the court certifies pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.[3] Mr. Bowker is further cautioned that if he files any further such lawsuits against Agent Hassman or the United States, he may be enjoined from filing future lawsuits without prior leave of court, and may have his earned release credits revoked pursuant to 28 U.S.C. § 1932 (second).

IT IS SO ORDERED.

*[signature]*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Date: March 2, 2006

---

[3]  28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.

7